[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

————————————

No. 00-1148

DANIEL J. O'CALLAGHAN; ALISON E. CLAPP O'CALLAGHAN,

Plaintiffs, Appellants,

v.

HOMAYOUN SHIRAZI, M.D., ET AL.,

Defendants, Appellees.

————————————

No. 00-1149

DANIEL J. O'CALLAGHAN; ALISON E. CLAPP O'CALLAGHAN,

Plaintiffs, Appellees,

v.

HOMAYOUN SHIRAZI, M.D., ET AL.,

Defendants, Appellees.

BUCKLEY, RICHARDSON & GELINAS, LLP,

Defendant, Appellant.

PETER B. IVES, ET AL.,

Defendants, Appellees.

————————————

No. 00-1150


DANIEL J. O'CALLAGHAN; ALISON E. CLAPP O'CALLAGHAN,

Plaintiffs, Appellees,

v.

HOMAYOUN SHIRAZI, M.D., ET AL.,

Defendants, Appellees.

GAIL L. PERLMAN, HON.,

Defendant, Appellant.

MARY LYNN CARROLL, ESQ.,

Defendants, Appellees.

_____


No. 00-1151


DANIEL J. O'CALLAGHAN; ALISON E. CLAPP O'CALLAGHAN,

Plaintiffs, Appellees,

v.

HOMAYOUN SHIRAZI, M.D., ET AL.,

Defendants.

PETER B. IVES, REVERAND; THE FIRST CHURCHES OF NORTHAMPTON,

Defendants, Appellants.

CORASH, ZURN & BELSKY, LLP AND SUCCESSORS, IF ANY, AND
SUSAN C. SCHRODER,

Defendants.

_____

No. 00-1152

DANIEL J. O'CALLAGHAN,

Plaintiffs, Appellees,

v.

HOMAYOUN SHIRAZI, M.D., ET AL.,

Defendants, Appellants.

SEAN M. MURRAY, HON., ET AL.,

Defendants.

_____

No. 00-1153

DANIEL J. O'CALLAGHAN; ALISON E. CLAPP O'CALLAGHAN,

Plaintiffs, Appellees,

v.

HOMAYOUN SHIRAZI, M.D., ET AL.,

Defendants.

CORASH, ZURN & BELSKY, LLP, AND SUCCESSORS, IF ANY,

Defendant, Appellant.

SUSAN C. SCHRODER,

Defendant.

_____

No. 00-1323

DANIEL J. O'CALLAGHAN; ALISON E. CLAPP O'CALLAGHAN,

Plaintiffs, Appellants,

v.

HOMAYOUN SHIRAZI, M.D., ET AL.,

Defendants, Appellees.

———————————————

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Douglas P. Woodlock, <u>U.S. District Judge</u>]

———————————————

Before

Torruella, <u>Chief Judge</u>,
Selya and Stahl, <u>Circuit Judges</u>.

———————————————

<u>Daniel J. O'Callaghan</u> and <u>Alison E. Clapp O'Callaghan</u> on brief pro se.

———————————————

May 3, 2000

———————————————

**Per Curiam**.    The court is in receipt of appellant's opening briefs, and, after a thorough review of those submissions and the record on appeal, we summarily affirm the judgment in Ct. App. Nos. 00-1148 and 00-1323. See 1st Cir. Loc. R. 27(c).

Appellants Daniel J. O'Callaghan and Alison E. Clapp O'Callaghan ("the O'Callaghans") raised four challenges to the state guardianship proceeding in question: 1) the defendants/appellees violated their right of access to courts and their rights to equal protection and due process; 2) the Massachusetts General Rules of the Probate Court, Rule 5 and Massachusetts Uniform Probate Court Practices XXII are unconstitutional "as applied"; 3) their "Federal rights" were violated because the probate judge relied on the report of a physician who the O'Callaghans claim was not licensed, and on the report of the guardian ad litem, who the O'Callaghans say had a conflict of interest; and 4) several of the defendants conspired together and caused the state court to violate the O'Callaghans' constitutional rights.   The lower federal courts plainly

lack jurisdiction to consider these claims under the Rooker/Feldman doctrine.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).

The Supreme Court has allowed that the lower federal courts do have subject matter jurisdiction in some cases involving challenges to state court proceedings, but only where a "general challenge" to state rules or statutes are raised, so that the claim is not "inextricably intertwined" with the state court claims.  Feldman, 460 U.S. at 486.  This court has

e
x
p
l
a
i
n
e
d
t
h
e

distinction:

"A federal c

laim is inextricably inter

twined with the state-cour

t claims' if the federal cla

i

m

s

u

c

c

e

e

d

s

o

n

l

y

t

o

t

h

e

e

x

t

e

n
t
t
h
a
t
t
h
e
s
t
a
t
e
c
o
u
r
t
w
r
o
n

g

l

y

d

e

c

i

d

e

d

t

h

e

i

s

s

u

e

s

b

e

f

o

reit.'" Sheehan v. Marr, - F

-14-

. 3 d _ , 2 0 0 0 W L 2 9 8 5 6 5 a t * 3 ( 1

st Cir. March 27, 1999) (quot

ing Hill v. Town of Conway, 1

93F.3d 33, 39 (1st Cir.1999)

).

"If the decision [of the

state court] was wrong, tha

t

[

d

o

e

s

]

n

o

t

m

a

k

e

t

h

e

j

u

d

g

m

e

ntvoid, but merely [leaves

]

i

t

o

p

e

n

t

o

r

e

v

e

r

s

a

l

o

r

m

o

d

i

fication in an appropriate

and timely appellate proce

eding."

Rooker, 263 U.S. a

t415. A litigant must chal al

lengethealle gedlyuncons

t

i

t

u

t

i

o

n

a

l

a

c

t

i

o

n

f

i

r

s

t

i

n

the state appellate courts

', and then may petition the U

.S. Supreme Court for a writ

o

f

c

e

r

t

i

o

r

a

r

i

.

The O'Callaghans' first and third claims clearly are barred by the <u>Rooker</u>/<u>Feldman</u> doctrine because they allege that certain actions in the state court proceeding by the defendants violated their constitutional rights; they do not allege that the state rules themselves were unconstitutional. Thus, the first and third claims are "inextricably intertwined" with the state court claims. The fourth claim also is barred by the <u>Rooker</u>/<u>Feldman</u> doctrine. It alleges in general, conclusory terms that the appellees conspired to cause the state court to reach a wrong result.

As framed, it simply seems to be an indirect way of again saying that the state court's decisions were wrong.

It is not entirely clear whether the O'Callaghans' second claim raises a general constitutional challenge to state rules, but even if this court were to assume (without deciding) that it does raise a general constitutional challenge, the claim is barred. The court is unable to discern from appellants' brief in what way they claim the state rules are unconstitutional. Without a well-developed argument on this point, the issue has been waived. See Martinez v. Colon, 54 F.3d 980, 990 (1st Cir. 1995).

As the O'Callaghans' substantive appeal lacks merit, we likewise see no error in the district court's order requiring them to post an appeal bond; and we see no error in the district court's order denying their request to impose a similar requirement on the cross-appellants. Likewise, their challenge to the district court's denial of the motion for recusal lacks merit. Their challenge to the denial of Fed.R.Civ.P. 27(b) relief is moot.

A number of motions also are pending in these matters, and our summary affirmance moots most of those motions. The following motions are denied as moot: 1) appellants' "emergency motion" for Fed.R.App.P. 8 order

-34-

granting injunction while appeal pending; for expedition of appeal process; and for retention of appendices filed March 2000; 2) appellees' motion for an order striking appellants' improper appendix and requiring filing of proper appendix; and 3) appellants' motion to consolidate to the extent it addresses appeal nos. 00-1148 and 00-1323.  The motion to consolidate is allowed to the extent it addresses the cross-appeals; cases 00-1149, 00-1150, 00-1151, 00-1152 and 00-1153 shall be consolidated.  Appellants have withdrawn their motion to stay, and the court denies their motion to certify questions to the U.S. Supreme Court.

Appellants' motion to dismiss the cross-appeals is denied.  Federal Rule of Appellate Procedure 28(h) says that for purposes of applying Fed.R.App.P. 30 in a case involving one or more cross-appeals, the party who filed the first notice of appeal is the "appellant."  Since the O'Callaghans filed their notice of appeal first, they alone were "appellants" for purposes of determining the parties' obligations under Rule 30(b).  Thus, their argument that appellees/cross-appellants failed to meet their Rule 30(b) obligations fails.

With regard to an Appendix, the court directs the cross-appellants to prepare and file a new Appendix directed only at the claim(s) raised by the cross-appeals.

Appellants' motion to disqualify counsel for appellee/cross-appellant Hon. Gail L. Perlman is denied. The O'Callaghans have failed to explain how appellee Sacks' brief contact with co-appellee Perlman's law firm created a conflict of interest; and we see no conflict. Finally, appellees/cross-appellants have moved for an appropriate procedural and scheduling order. The request is allowed, and the clerk is directed to set an appropriate schedule for the cross-appeals.

The judgment in Ct.App. Nos. 00-1148 and 00-1323 is affirmed. See 1st Cir. Loc. R. 27(c). The motion to consolidate is allowed in part; Ct. App. Nos. 00-1149, 00-1150, 00-1151, 00-1152 and 00-1153 are consolidated; the motion for a procedural and scheduling order is allowed; the Clerk is directed to set an appropriate schedule for the cross-appeals; appellants' motion to stay has been withdrawn; all other pending motions are denied. Cross-appellants are directed to prepare and file an Appendix in accordance with the procedural and scheduling order to be issued by the Clerk.